**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| **HEATHER HARRISON**, individually and ) on behalf of all similarly situated ) ) ) Plaintiff, ) ) v. ) ) **AFFORDABLE HOME CARE, LLC** ) ) ) Defendant. ) | Civil Action No. 1:16-CV-2371 Hon. Sarah Evans Barker Hon. Matthew P. Brookman **PLAINTIFFS' SUPPORTING BRIEF AND SUBMISSION OF EVIDENCE IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT AND ATTORNEYS' FEES AND COSTS PURSUANT TO THE FED. R. CIV. P. 55(b)** |

<u>**PRELIMINARY STATEMENT**</u>

Heather Harrison ("Harrison" or "Plaintiffs") and Cathy Dickens ("Dickens" or "Plaintiffs"), by and through their attorneys, pursuant to Fed. R. Civ. P. 55(b), hereby moves for a judgment by default against Affordable Home Care, LLC ("Defendant") on all claims for relief in the Complaint and all attorneys' fees and costs due to Defendant's failure to answer or otherwise defend this action. Plaintiffs have established that Defendant was properly served with the Complaint and have failed to appear, plead, file an answer, or otherwise defend this action. As such, the Clerk of the Court entered the Clerk's Entry of Default on May 11, 2017. In support of Plaintiffs' Motion for Default Judgment pursuant to Fed. R. Civ. P. 55, Plaintiffs submit as an evidentiary basis for the damages and attorneys' fees and cost requested, this supporting brief, the *Declaration of Heather Harrison* ("*Harrison Dec.*"), attached hereto as Ex 1, the *Declaration of Cathy Dickens* ("*Dickens Dec.*"), attached hereto as Ex 2, and the *Declaration of Molly Nephew* ("*Nephew Dec.*"), attached hereto as Ex 3, and the accompanying exhibits.

<u>**PROCEDURAL BACKGROUND**</u>

On September 2, 2016, Harrison filed her Complaint charging Defendant with violations

1

of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., the Indiana Minimum Wage Law of 1965 ("IMWL") §§ 22-2-2, et seq., and other appropriate rules, regulations, statutes, and ordinances. *See Complaint* ("*Compl.*"), Dkt. No. 1. Shortly after Harrison filed the Complaint, Dickens executed her Consent to Sue and joined the lawsuit as an Opt-in Plaintiff pursuant to 29 U.S.C. § 216(b). *See* Dkt. No. 4. On October 26, 2016, service of the Summons and Complaint was made on Defendant.[1] *See* Dkt. No. 14.

On December 7, 2016, Plaintiffs' Counsel mailed Defendant a letter via FedEx to put Defendant on notice that Plaintiffs would seek entry of an order granting Plaintiffs' request for conditional certification and Court-authorized notice pursuant to S.D. Ind. L.R. 7-1(c)(2)(A) because Defendant failed to respond to Plaintiffs' Complaint or Conditional Certification Motion. *See generally* Letter to Defendant, Dkt. No. 16-1. Due to Defendant's unresponsiveness, on January 27, 2017, Plaintiffs' filed their Motion and Supporting Brief for Entry of an Order Conditionally Certifying the Putative Class and Authorizing Notification of All Putative Class Members Under 29 U.S.C. § 216(b). *See* Dkt. Nos. 15 & 16. On January 31, 2017, the Plaintiffs' Motion for Entry of an Order Conditionally Certifying the Putative Class and Authorizing Notification of All Putative Class Members Under 29 U.S.C. § 216(b); Supporting Brief, all corresponding exhibits and the proposed order were served upon Defendant. *See* Dkt. No. 17-1.

Following service of Plaintiffs' Motion for Entry of an Order Conditionally Certifying the Putative Class and Authorizing Notification of All Putative Class Members Under 29 U.S.C. §

---

[1] Plaintiffs' motion, supporting brief and supporting exhibits for conditional certification and notification of all putative class members were filed with the Court on October 20, 2016. *See* Dkt. Nos. 12 & 13. Plaintiffs served Defendant with the conditional certification filings in addition to the Summons and Complaint on October 26, 2016. *See* Dkt. No. 14. To date, Defendant has also failed to respond to Plaintiffs' conditional certification motion. Plaintiffs are not moving to withdraw the conditional certification motion because if Defendant responds to this Motion, Plaintiffs requests the Court immediately enter an order granting conditional certification and compelling Defendant to comply. *See* Dkt. Nos. 15-17.

216(b); Supporting Brief, all corresponding exhibits and the proposed order, Defendant contacted Plaintiffs' Counsel and stated it "would not deal" with the matter until February 19, 2017.[2] *See* Dkt. No. 17-2 ¶¶ 4-8. On February 21, 2017, Plaintiffs filed their Reply Brief in Support of Motion for Entry of an Order Conditionally Certifying the Putative Class and Authorizing Notification of All Putative Class Members Under 29 U.S.C. § 216(b) and on February 22, 2017 it was served upon Defendant.[3] *See* Dkt. No. 17 & Dkt. No. 18-2. On April 21, 2017, Plaintiffs filed their Motion for Clerk's Entry of Default Pursuant to the Fed. R. Civ. P. 55(a). *See* Dkt. No. 18. On May 11, 2017, the Clerk's Entry of Default was entered. *See* Dkt. No. 20.

## RELEVANT FACTS

As alleged in the Complaint and more fully set forth in Plaintiffs' declarations, Plaintiffs are Defendant's former employees. *See Compl.* ¶¶ 2-3; 14-15; *Harrison Dec.* at ¶ 2; *Dickens Dec.* at ¶ 2. Specifically, both Plaintiffs worked in the position Defendant labeled as Caregiver. *See Compl.* ¶¶ 14-15; *Harrison Dec.* at ¶ 2; *Dickens Dec.* at ¶ 2. Plaintiffs job included non-exempt duties as detailed in the Complaint and asserted in Plaintiffs' declaration. *See Compl.* ¶¶ 2; 21-23, 28, 34; *Harrison Dec.* at ¶ 3; *Dickens Dec.* at ¶ 3. While Defendant employed Plaintiffs they regularly worked more than 40 hours per workweek. *See Compl.* ¶¶ 19, 34; *Harrison Dec.* at ¶¶ 4-5; *Dickens Dec.* at ¶¶ 4-5. Despite this, Defendant failed to pay Plaintiffs their earned overtime premiums and instead only paid their straight time rate for the hours they worked. *See Compl.* ¶¶ 20, 24-25, 29, 32, 35-36, 42; *Harrison Dec.* at ¶ 7; *Dickens Dec.* at ¶ 7. Further, Defendant *knew* it was required to pay Plaintiffs one and one-half time their regular rates of pay as evidenced by

---

[2] Despite making the statement, to date, Defendant has not followed up.

[3] Plaintiffs' motion, supporting brief and supporting exhibits for conditional certification and notification of all putative class members and Plaintiffs' motion for entry of an order conditionally certifying the putative class are both still pending before the Court.

text messages sent from Defendant to Harrison, where it gave Harris numerous excuses as to why Defendant failed to comply with the FLSA. *See Compl.* ¶ 39 (first telling Harrison the overtime pay requirement didn't apply to her and after Harrison pushed back on Defendant's answer, making an excuse about budget restrictions). In sum, as alleged in the Complaint and attested to by Plaintiffs in their declarations, Defendant, willfully and without good faith, failed to pay Plaintiffs overtime compensation for all hours that they worked in excess of 40 hours each week in violation of the FLSA.

## ARGUMENT

I.    **DEFENDANT'S LIABILITY IS PRESUMED AS A RESULT OF ITS FAILURE TO ANSWER OR OTHERWISE DEFENDANT THIS ACTION AND PLAINTIFFS ARE ENTITLED TO THE ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT.**

The federal rules provide parties a two-step process for the entry of judgment against a party who fails to defend: first, the entry of default and second, the entry of default judgment. *See generally* Fed. R. Civ. P. 55. Pursuant to Rule 55(a), the Clerk of the Court first enters a default— noting the defaulting party's "fail[ure] to plead or otherwise defend." Fed. R. Civ. P. 55(a). Second, after the Clerk of the Court enters the default, if the party fails to appear or otherwise move to set aside the default pursuant to Rule 55(c), the Court may enter a default judgment. *See* Fed. R. Civ. P. 55(b). On a default judgment motion, a defendant is deemed to have admitted the well-pleaded factual allegations in a plaintiff's complaint relating to liability. *See Boyd v. Kim*, No. 1:12-cv-01547, 2016 WL 776423, at *2 (S.D. Ind. Jan. 28, 2016), *report and recommendation adopted*, No. 1:12-cv-01547, 2016 WL 772551 (S.D. Ind. Feb. 18, 2016) (citing *In re Catt,* 368 F.3d 789, 793 (7th Cir.2004); *Dundee Cement Co. v. Howard Pipe & Concrete* Prods., Inc., 722 F.3d 1319, 1323 (7th Cir.1983)). However, the plaintiff must prove his or her damages. *Id*. The amount of damages award must be ascertained by a "with reasonable certainty." *In re Catt*, 368 F.3d at 793

4

(internal citations omitted).

Here, Defendant has failed to answer, move with respect to the Complaint, or otherwise defend this action at all. As addressed above, Defendant simply has seemingly purposefully avoided responding to this action in the time prescribed by the Federal Rules of Civil Procedure and the Clerk of Court made an entry of its default. Thus, Defendant is deemed to have admitted the allegations in the Complaint pertaining to Defendant's liability. The Complaint clearly states valid facial claims for relief against Defendant pursuant to the FLSA and the IMWL.[4] *See generally Compl.* Plaintiffs' well-pleaded allegations in the Complaint, deemed admitted by Defendant are sufficient to establish Defendant's liability for Plaintiffs' claims. As such Plaintiffs respectfully requests this Court enter default judgment against Defendant pursuant to Fed. R. Civ. P 55(b).

## II.    PLAINTIFFS ARE ENTITLED TO THE ENTRY OF DEFAULT JUDGMENT FOR DAMAGES FOR THEIR FLSA UNPAID OVERTIME WAGES AND LIQUIDATED DAMAGES AGAINST DEFENDANT.

### A.    *Defendant Willfully Violated the FLSA.*

The FLSA automatically grants a plaintiff a two-year statute of limitations, but also provides a three-year period of limitation for "a cause of action arising out of a willful violation." 29 U.S.C. § 255(a). "An employer acts willfully, for purposes of establishing the proper statute of limitations, where he knows or shows reckless disregard for whether his actions are unlawful under the FLSA." *Bankston v. State of Ill.*, 60 F.3d 1249, 1253 (7th Cir. 1995). It is not novel for courts in this District and for district courts within this Circuit to find that a defendant's default suffices to support a finding a willfulness. *See, e.g., Boyd*, 2016 WL 776423, at *3 (finding the defendants'

---

[4] Plaintiffs note as the IMWL specifically excludes any employer subject to the federal Fair Labor Standards Act. *See* Ind. Code § 22-2-2-3. As the entry of Defendant's default means Defendant admitted the FLSA allegations in the Complaint pertaining to Defendant's FLSA liability, Plaintiffs Motion discusses FLSA damages only.

liability for FLSA violations were established by default and as such, because the second amended complaint alleged willful violations of the FLSA, the court looked back three years for each plaintiff in calculating damages); *Sniffen v. Spectrum Indus. Servs.*, No. 2:06-cv-622, 2007 WL 1341772, at *1 (S.D. Ohio Feb. 13, 2007) (finding defendants committed a willful violation based on plaintiffs' allegations in their complaint and payroll records supporting their allegations coupled with defendants' failure to answer);  *Matt v. ECO-Green Int'l, Inc.*, No. 12-cv-1021, 2013 WL 412610, at *3 (E.D. Wis. Jan. 31, 2013) (finding for the purposes of establishing the proper statute of limitations defendants acted willfully because the well-pleaded allegations of the complaint are taken as true).

Plaintiffs' allege in the Complaint that Defendant willfully violated the overtime provisions of the FLSA. *See Compl*. ¶¶ 1, 26-30, 32-33, 37-40, 42-43, 67. Defendant is deemed to have admitted the well-pleaded factual allegations in Plaintiffs' Complaint regarding its willful violation of the FLSA. Notably, the evidence shows, at best, reckless disregard as to whether Defendant was complying with the FLSA. *See Compl*. ¶ 39 (first telling Harrison the overtime pay requirement didn't apply to her and after Harrison pushed back on Defendant's answer, making an excuse about budget restrictions). The Court should find the three-year FLSA limitations period applies in this case and as such, the limitations period for both Plaintiff should date back to September 2, 2013. *See Heather Harrison Consent to Sue*, Dkt. No. 1-5; *Cathy Dickens Consent to Sue*, Dkt. No. 4. Harrison began working for Defendant in July 2015. *See Compl*. ¶ 14; *Harrison Dec.* at ¶ 2. Dickens began working for Defendant on November 28, 2014. *See Compl*. ¶ 14; *Dickens Dec.* at ¶ 2. Thus, all unpaid overtime wages for all of the time worked by both Plaintiffs is owed to them for calculation of their overtime damages.

### B.    *The FLSA Provides for Overtime Pay.*

The FLSA requires employers to provide employees with an overtime premium for all hours worked in excess of 40 hours per workweek. *See* 29 U.S.C § 207. Specifically, an employer is required to pay the employee one and one-half times his or her regular rate of pay for any hours worked in excess of 40 hours per workweek. *See* U.S.C § 207(a)(1); 29 C.F.R. § 778.107. Any possible exemption that an employer wishes to assert in defense of its failure to pay its employees overtime premiums is the *burden of the employer to assert and prove the applicability* of the FLSA exemption. *Cox v. Acme Health Servs., Inc.*, 55 F.3d 1304, 1308 (7th Cir. 1995) (citing *Alex v. City of Chicago*, 29 F.3d 1235, 1244 (7th Cir. 1994) (emphasis added, internal citations omitted); *Klein v. Rush–Presbyterian–St. Luke's Medical Center,* 990 F.2d 279, 282 (7th Cir.1993) (holding "[t]he FLSA is a remedial act and exemptions from its coverage are to be narrowly construed against employers")).

Here, Defendant has failed to respond and as such, has not asserted, much less proved, the applicability of a FLSA exemption for denying Plaintiffs' overtime premiums. Further, Defendant is deemed to have admitted the well-pleaded factual allegations in Plaintiffs' Complaint regarding the inapplicability of the "companionship services" exemption to Plaintiffs throughout their employment with Defendant. *See Compl.* ¶¶ 23-43; *Harrison Dec.* at ¶ 3; *Dickens Dec.* at ¶ 3. Because of Defendant's default, Plaintiffs are entitled to their unpaid overtime compensation for the entire period of their employments with Defendant. Harrison's total unpaid overtime is ascertained "with reasonable certainty" as $7,889.38 and detailed breakdown of the overtime compensation owed to Harrison is included in her Computation of Damages annexed to her declaration. *See Nephew Dec*. at Ex. D.  Additionally, Dickens's total unpaid overtime is ascertained "with reasonable certainty" as $8,202.06 and a detailed breakdown of the overtime

compensation owed to Dickens is included in her Computation of Damages annexed to her declaration. *See Nephew Dec*. at Ex. F.

## C.    *Plaintiffs are Entitled to FLSA Liquidated Damages.*

In addition to recovering unpaid overtime wages, the FLSA provides for a plaintiff to pursue liquidated damages. *See* 29 U.S.C. § 216(b). An employer who violates the section 207 of the FLSA "shall be liable to the employee or employees affected in the amount of their . . . unpaid overtime compensation . . . in an additional equal amount as liquidated damages." *Id*. If an employer *proves* it acted in "good faith and that he *had reasonable grounds* for believing that his act or omission was not a violation of the [FLSA]," a district court may choose to not award liquidated damages. 29 U.S.C. § 260. The Seventh Circuit has long established that awarding liquidated damages "is the norm" and single damages—choosing to not award liquidated damages is the exception. *See Avitia v. Metro. Club of Chicago, Inc*., 49 F.3d 1219, 1223 (7th Cir. 1995) (quoting *Walton v. United Consumers Club, Inc.,* 786 F.2d 303, 310 (7th Cir.1986)). Further, district courts within this Circuit in awarding default judgments and summary judgments hold to this rule. *See e.g.*, *Matt*, 2013 WL 412610, at *2 (finding the default established defendants willfully violated the FLSA's wage and overtime provisions); *Harris v. Skokie Maid & Cleaning Serv., Ltd.*, No. 11-cv-8688, 2013 WL 3506149, at *11 (N.D. Ill. July 11, 2013) (finding defendant failed to meet her burden to prove a good faith belief and awarding double damages in summary judgment); *Sniffen*, 2007 WL 1341772, at *3 (finding because defendants failed to respond, defendants failed to prove their violation was "in good faith" or that they had "reasonable grounds").

Here, Defendant has failed to respond and as such, no such proof of a "good faith basis" *and* "reasonable grounds" for believing that his act or omission was not a violation of the FLSA

was made by Defendant. Moreover, Defendant is deemed to have admitted the well-pleaded factual allegations in Plaintiffs' Complaint regarding both willfulness (*see supra* at Section II.A.) and the inapplicability of the "companionship services" exemption to Plaintiffs throughout their employment with Defendant (*see supra* at Section II.B.). Thus, the Court should find that in addition to Plaintiffs' overtime, Plaintiffs are entitled to liquidated damages of $7,889.38 for Harrison and $8,202.06 for Dickens as shown in Harrison's and Dicken's Computation of Damages. *See Nephew Dec.* at Ex. D, F.

III.   **THE COURT SHOULD GRANT PLAINTIFFS' MOTION AS TO DAMAGES AGAINST DEFENDANT FOR THEIR UNPAID OVERTIME WAGES AND LIQUIDATED DAMAGES AGAINST DEFENDANT.**

A.   *Plaintiffs Damages Are Easily Calculated With Reasonable Certainty, Thus an Hearing is Unnecessary.*

Rule 55 states that "the court *may* conduct hearings . . . it needs . . . [in order to] determine the amount of damages." Fed. R. Civ. P. 55(b)(2) (emphasis added). Simply put, it is the decision of the district court whether a hearing is necessary. Courts within this Circuit have recognized a hearing is "unnecessary if 'the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits.'" *Villanueva v. Falcon Const. Co.*, No. 2:09-cv-107, 2010 WL 1577277, at *2 (N.D. Ind. Apr. 14, 2010) (quoting *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007)). In *Villanueva*, the district court found the affidavits were "sufficiently detailed to render such a hearing unnecessary" and granted plaintiff's motion for default judgment as to unpaid wages, liquidated damages, and attorneys' fees. *Id.*

B.   *In Calculating Damages, the Court May Rely on Plaintiffs' Pay Records in Their Possession and Plaintiffs' Recollections in Their Declarations.*

It is well-established that the employer has a duty under the FLSA "to keep proper records of

wages, hours and other conditions and practices of employment [because the employer] is in position to know and to produce the most probative facts concerning the nature and amount of work performed." *Anderson*, 328 U.S. at 687. Where an employer fails to comply with this obligation,

> [a]n employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.

*Id*. at 687-88. The Court emphasized that in cases in which "the employee cannot offer convincing substitutes [for the inaccurate or inadequate employer records] . . . [t]he solution [] is not to penalize the employee by denying him any recovery on the ground that he is unable to prove the precise extent of uncompensated work [because] [s]uch a result would place a premium on an employer's failure to keep proper records . . . [and] would allow the employer to keep the benefits of an employee's labors without paying due compensation as contemplated by the Fair Labor Standards Act." *Id.* at 687. Thus: "The employer *cannot* be heard to *complain that the damages lack the exactness* and precision of measurement *that would be possible had he kept records* in accordance with the requirements" of the FLSA. *Id.* at 688 (emphasis supplied). The *Anderson* evidentiary basis of entitling employees to prove their claims by "just and reasonable inference" when the employer fails to comply with its recordkeeping duties was reiterated by the Supreme Court in 2016 and is established as the evidentiary basis for California labor laws as well. *See Tyson Foods, Inc. v. Bouaphakeo*, -- U.S. -- , 136 S. Ct. 1036, 1048-49 (2016); *Hernandez v. Mendoza*, 199 Cal. App. 3d 721, 727-28 (Ct. App. 1988).

Here, Plaintiffs' factual allegations in the Complaint regarding hours worked, rate of pay, and that other Caregivers are deemed admitted as a result of Defendant's failure to answer or otherwise defend in this action. Additionally, Plaintiffs' sworn declarations attest to their time period of employment, their weekly work schedules, their regular hours worked per workweek,

their rates of pay, and their job duties. *See generally Harrison Dec.*; *Dickens Dec*. Plaintiffs'
provided their Counsel with paystubs in their possession. Harrison was able to provide paystubs
that covered the entirety of her employment with Defendant. *Nephew Dec.* at ¶ 26. Dickens had
access to paystubs encompassing approximately 50 weeks of her employment. *Nephew Dec.* at ¶
36. Plaintiffs' paystubs fail to provide the weekly hours that Plaintiffs worked during the pay
period. *See Nephew Dec.* at ¶¶ 28, 38. Accordingly, we calculated damages by averaging the
overtime hours they worked from the information we had.  As discussed above Plaintiffs are
allowed to a "just and reasonable inference" of hours worked and damages under *Anderson*. *See
Nephew Dec*. at ¶¶ 26-46. Further, the damages correlate with Plaintiffs' reasonable recollection
of their hours worked. *See Harrison Dec*. at ¶ 11; *Dickens Dec*. at ¶ 11. Defendant has not
participated in this case at all nor provided any information that could be used to prove damages
or rebut Plaintiffs' damage calculations. Thus, the Court should grant Plaintiffs' Motion and find
enter judgment against Defendant for the calculated damages and liquidated damages against
Defendant.

## IV.     PLAINTIFFS ARE ENTITLED TO REASONABLE ATTORNEYS' FEES AND COSTS.

### A.     *Plaintiffs' Attorneys' Fees are Reasonable and Should be Awarded.*

Plaintiffs are entitled to reasonable attorneys' fees and costs of pursuing this action. 29
U.S.C. § 216(b). The district court calculates the reasonable fees by "multipl[ying] a reasonable
hourly rate by the number of hours expended." *Boyd*, 2016 WL 776423, at *7 (citing *Bankston v.
Illinois,* 60 F.3d 1249, 1255 (7th Cir.1995)). In *Boyd*, plaintiffs' counsel submitted a billing
statement and affidavit to prove the rates and hours worked. *Boyd*, 2016 WL 776423, at *7. The
district court found the rates reasonable and the work described "reasonably undertaken in the
prosecution of plaintiffs' FLSA claims." *Id*. For purposes of calculating for each plaintiff, the

district court took the total fees/costs award and divided it by total number of plaintiffs. *Id.*

To determine if the attorneys' rates are reasonable, this Court should to evidence of the prevailing hourly rates for attorneys of "reasonably comparable skill, experience, and reputation" in litigation similar cases in the Southern District of Indiana. *People Who Care v. Rockford Bd. Of Educ. Sch. Dist. No. 205*, 90 F.3d 1307, 1310 (7th Cir. 1996). Further, FLSA collective actions are a specialized area of law, the relevant legal community and the prevailing market rates is often national in scope. *See, e.g.*, *Monroe v. FTS USA, LLC*, No. 2:08-cv-02100-JTF-CG, 2014 WL 4472720, at *11 (W.D. Tenn. July 28, 2014) (finding that the court can look to "the national, prevailing market rate for the specialized area of law") (citing *Small v. Richard Wolf Med. Instruments Corp.*, 264 F.3d 702, 707 (7th Cir.2001)). In *Monroe*, the court found that although the FLSA attorneys' rates were "beyond the prevailing market rate in Memphis, Tennessee, [but] based on the attorney profiles, their experiences and reputation in the wage and hour community, the above-mentioned affidavits, and the complexity of this case" the court found the rates reasonable.[5]

Here, this Court should look to both the local prevailing market rates and the national FLSA market in order to determine the reasonableness of Plaintiffs' Counsel's rates. The Plaintiffs are represented by Robert T. Dassow and William F. Eckhart of Hovde, Dassow & Deets, LLC as local counsel for this lawsuit and lead trial counsel from Johnson Becker, PLLC, a 16-attorney

---

[5] *See also Fox v. Tyson Foods, Inc.*, No. 4:06-cv-4676-VEH, 2009 WL 9541256, at *15 (N.D. Ala. Feb. 17, 2009) (finding "the requested [FLSA] rates may be justified through reference to a national market); *Smith v. Serv. Master Corp.*, 592 F. App'x 363, 369 (6th Cir. 2014) (emphasizing "[d]istrict courts are free to look to a national market, an area of specialization market or any other market they believe appropriate to fairly compensate particular attorneys"); *Casey v. City of Cabool, Mo.*, 12 F.3d 799, 805 (8th Cir. 1993) (finding the "relevant market for attorneys . . . may extend beyond the local geographic community . . . [and the] national market or a market for a particular legal specialization may provide the appropriate market" because limited prevailing rates to a local community may have the effect of limiting "enforcement to those communities where the rates are sufficient to attract experience counsel").

Minnesota law firm with a national wage-and-hour practice consisting of 4 attorneys.[6] Johnson Becker regularly prosecutes dozens of class and collective actions across the country each year. This case was handled primarily by Johnson Becker Associate Attorney, Molly E. Nephew, supported by Johnson Becker Senior Attorney, David H. Grounds, and Johnson Becker legal assistants, Yer Thao and Tom G. Forster. Plaintiffs seek the Court find hourly rates of $375 for Mr. Grounds, $250.00 for Ms. Nephew and $125.00 for both Ms. Thao and Mr. Forster as in line with the prevailing market rate and reasonable. *See Nephew Dec.* ¶¶ 12, 22, 25.

Plaintiffs' Counsel's hourly rates are consistent with rates customarily awarded in national FLSA wage and hour cases and because Johnson Becker utilized a younger associate, the fees incurred for the effective litigation of this case are in fact much less than they could have been. *See e.g.*, *Rutti v. Lojack Corp.*, No. 06-cv-350, 2012 WL 3151077, at *11 (C.D. Cal. July 31, 2012) (finding rates of $750.00 and $650.00 reasonable in FLSA action); *Monroe*, 2014 WL 4472720, at *11 (approving attorneys' hourly rates of $600.00, $550.00, $450.00 for partners, $375.00 and $325.00 for associates and $175 for support staff); *Avila v. Los Angeles Police Dep't*, No. 11-cv-01326, 2012 WL 12894470, at *2 (C.D. Cal. Aug. 2, 2012), *aff'd*, 758 F.3d 1096 (9th Cir. 2014) (finding hourly rate of $700.00 reasonable for lead counsel, $600.00, $550.00, and $450.00 for other attorneys working on the FLSA case). Further, Plaintiffs' Counsel's hourly rates are consistent with the prevailing rates in this District. *See e.g.*, *Boyd*, 2016 WL 776423, at *7 (finding hourly rates of hourly rates of $200, $215, $350 and $385 reasonable in 2014); *Kimberlee Knox & Kayla Bratcher et. al v. The Jones Group et.* al, No. 15-cv-1738, 2017 WL 3834929, at *5 (S.D. Ind. Aug. 31, 2017) (finding hourly rates of from $150-$650 reasonable). Accordingly, the Court should award Plaintiffs' Counsel's requested hourly rates.

---

[6] *See* http://johnsonbecker.com/attorneys-and-staff/ (last visited September 7, 2017).

A detailed breakdown of the attorneys' fee request, the time spent, and the costs on this case is annexed to the *Nephew Dec*. at Ex. B. All time Plaintiffs' Counsel expended on this case was reasonably undertaken in the prosecution of Plaintiffs' FLSA claim.  *See Nephew Dec.* ¶¶ 13-15, 19-20, 22, 25. The total fees in this case amount to 32,237.50.[7]

###    B.    Plaintiffs' Costs are Reasonable and Should be Awarded.

The FLSA mandates an award of "costs of the action" to a prevailing plaintiff. *See* 29 U.S.C. § 216(b). Courts may award as costs in FLSA cases taxable costs as governed by 28 U.S.C. § 1920 and Federal Rule of Civil Procedure 54. In fact, § 1920 states, "A judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for used in the case; (5) Docket fees under section 1923 of this title; and (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title." 28 U.S.C. § 1920. Nontaxable expense costs are allowed under statutory authority to award reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client in the course of providing legal services. *See, e.g.*, *Boyd*, 2016 WL 776423, at *7 (finding costs consisting of the filing fees, copies and postage reasonable); *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 316 (7th Cir. 1986) (finding an award of expenses such as postage, photocopies and telephone

---

[7] By no later than the end of this week, a supplemental declaration in support of attorneys' fees and costs will be submitted by Hovde, Dassow & Deets, LLC in connection with their role as local counsel in this case. This supplemental declaration will not impact the amount of fees Johnson Becker is requesting, but will slightly increase the *total* amount of fees requested. Additionally, as mentioned in the supporting brief, should additional fees incurred (i.e. if Plaintiffs' Counsel is required to come to the Court to argue this Motion), Plaintiffs will request the Court allow them to supplement the fee amount and include the reasonable time incurred in support of this Motion.

calls were properly awarded); *Knox v. Jones Grp.*, No. 15-cv-1738, 2017 WL 3834929, at *3 (S.D. Ind. Aug. 31, 2017) (granting costs for filing and service fees, postage and legal research fees and finding them reasonably incurred).

A breakdown of Plaintiffs' costs is annexed to *Nephew Dec.* at Ex. B. All costs set forth were not only reasonable, but necessary to prosecute the case, and are customarily billed to fee-paying clients. *See Nephew Dec.* ¶¶ 16-19, 21, 23, 25. The total fees in this case amount to 718.52.[8]

### C. The Time Spent Litigating This Motion and the Costs Incurred are Recoverable.

Plaintiffs' Counsel has incurred time researching and drafting this Motion and as permitted by law, have included their time in their requested attorneys' fees. *See Nephew Dec.* ¶ 13. Additionally, Plaintiffs' Counsel will incur additional time and expense in completing this Motion's if the Court wishes to set a hearing regarding this Motion. *See Kurowski v. Krajewski*, 848 F.2d 767, 777 (7th Cir. 1988) (noting the award "includ[es] the time spent pursuing requests for fees"); *Martin v. Univ. of S. Alabama*, 911 F.2d 604, 610 (11th Cir. 1990) ("It is well settled that time expended litigating attorney fees is fully compensable."). As such, this Court should allow Plaintiffs' Counsel to supplement and include the reasonable time and costs incurred in support of this Motion.

### CONCLUSION

Pursuant to the foregoing supporting brief and declarations in support attached hereto,

---

[8] By no later than the end of this week, a supplemental declaration in support of attorneys' fees and costs will be submitted by Hovde, Dassow & Deets, LLC in connection with their role as local counsel in this case. The supplemental declaration will not impact the amount of costs Johnson Becker is requesting, but will slightly increase the *total* amount of costs requested. Additionally, as mentioned in the support brief and submission of evidence, should additional costs be incurred (i.e. if Plaintiffs' Counsel is required to come to the Court to argue this Motion), Plaintiffs will request the Court allow them to supplement the cost amount and include the reasonable costs incurred in support of this Motion.

Plaintiffs respectfully request the Court grant their motion and award them:

- Harrison's unpaid overtime compensation of $7,889.38 and liquidated damages of $7,889.38, totaling $15,778.76;

- Dicken's unpaid overtime compensation of $8,202.06 and liquidated damages of $8,202.06, totaling $16,404.12;

- Plaintiffs' reasonable attorneys' fees totaling $32,237.50 and Plaintiffs' reasonable costs totaling $718.52.[9]

Date: <u>September 11, 2017</u>                    Respectfully submitted,

                                                /s/ Molly E. Nephew
                                                Molly E. Nephew
                                                MN Bar No. 0397607 *(Pro Hac Admitted)*
                                                Jacob R. Rusch
                                                MN Bar No. 0391892 *(Pro Hac Admitted)*
                                                **JOHNSON BECKER, PLLC**
                                                444 Cedar Street, Suite 1800
                                                St. Paul, Minnesota 55101
                                                Telephone: (612) 436-1800
                                                Fax: (612) 436-1801
                                                mnephew@johnsonbecker.com
                                                jrusch@johnsonbecker.com

                                                *Trial Counsel for Plaintiff*

                                                Robert T. Dassow, Esq.#15145-64
                                                William F. Eckhart, Esq. #37575-49
                                                HOVDE DASSOW & DEETS, LLC
                                                Meridian Tower, 10201 N. Illinois Street, Suite 500
                                                Indianapolis, IN 46290

                                                *Local Counsel for Plaintiff*

---

[9] As stated throughout the Motion, the brief in support and the Nephew Dec. the total amount of costs will slightly increase upon submission of a supplemental declaration in support of attorneys' fees and costs by Hovde, Dassow & Deets, LLC in connection with their role as local counsel.

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of September, 2017, I electronically filed the foregoing Supporting Brief and Submission of Evidence in Support of Plaintiffs' Motion for Default Judgment Pursuant to the Fed. R. Civ. P. 55(b) with the Clerk of the Court by using the CM/ECF system. As Defendant has failed to appear, the filing did not send notification of such filing to Defendant. Accordingly, I hereby certify that on the 11th day of September, 2017, I submitted a copy of the foregoing to Metro Legal Services for services of process to the following:

Hahn G. March
1833 W. Grove Road
Centerville, Indiana, 47330
*Registered Agent for Defendant*

AND/OR

Affordable Home Care
Attn: Registered Agent, Officer of Affordable Home Care, or Managing Agent
2013 Chester Blvd.
Richmond, IN 47374

/s/ Molly E. Nephew
Molly E. Nephew
**JOHNSON BECKER, PLLC**

17